UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
TOSHIA BRADLEY,

                            Plaintiff,                        **Civil Action No.:**

                          – against –

                                                             **NOTICE OF REMOVAL**

AMERICAN RED CROSS, ENMANUEL SALDANA,
JL PILAHUISINAL and DAVID LLUCAILLA,

                          Defendants.
---------------------------------------------------------------------x

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

Defendants, AMERICAN RED CROSS and ENMANUEL SALDANA (hereinafter "the Removing Defendants"), by their undersigned attorneys, file this notice to remove the foregoing case to the United States District Court for the Eastern District of New York and respectfully show this Court:

1.      On July 21, 2022, a civil action was commenced in the Supreme Court of the State of New York, County of Kings, in which the above-named individual, TOSHIA BRADLEY, is the Plaintiff, and the Defendants are AMERICAN RED CROSS, ENMANUEL SALDANA, JL PILAHUISINAL and DAVID LLUCAILLA.  *See* Complaint, dated July 14, 202 [sic], annexed hereto as **Exhibit "A"**.

2.      The action is *Toshia Bradley v. American Red Cross, Enmanuel Saldana, JL Pilahuisinal and David Llucailla*, bearing New York State (Kings County) Index Number 520773/2022.  *See* **Exhibit A**.  As the action is venued in the Supreme Court of the State of New York, Kings County, removal to the United States District Court for the Eastern District of New York is proper.

274774066v.1

3. According to the Complaint, Plaintiff TOSHIA BRADLEY alleges that while she was a passenger in a vehicle owned by JL PILAHUISINAL and operated by DAVID LLUCAILLA, it was involved in a collision with a vehicle owned by AMERICAN RED CROSS and operated by ENMANUEL SALDANA on Knickerbocker Avenue on March 17, 2022. *See* **Exhibit A**, at ¶¶ 11, 17, 22, 28 and 32-33.

4. Service of the Summons and Complaint on American Red Cross was purportedly effectuated on July 28, 2022. *See* Aff. of Serv. for American Red Cross, dated August 1, 2022, annexed hereto as **Exhibit "B"**.

5. Service of the Summons and Complaint on Enmanuel Saldana was purportedly effectuated on August 10, 2022. *See* Aff. of Serv. for Enmanuel Saldana, dated August 12, 2022, annexed hereto as **Exhibit "C"**.

6. Service of the Summons and Complaint on JL Pilahuisinal was purportedly effectuated on July 27, 2022. *See* Aff. of Serv. for JL Pilahuisinal, dated August 2, 2022, annexed hereto as **Exhibit "D"**.

7. Upon information and belief, service has not yet been effectuated on David Llucailla as no affidavit of service has been filed on the electronic docket.

8. On August 17, 2022, the Removing Defendants filed their Answer to the Complaint. *See* Answer, dated August 17, 2022, annexed hereto as **Exhibit "E"**. Cross claims were asserted against co-defendants, JL PILAHUISINAL and DAVID LLUCAILLA, and are in the process of being served. An affidavit of service will be filed as soon as service is effectuated.

9. JL Pilahuisinal has not yet filed an Answer on the electronic docket.

10. The Removing Defendants first received notice that this case was removable on July 28, 2022, the date when Defendant AMERICAN RED CROSS was purportedly served with

the Summons and Complaint. *See* **Exhibit B**.  This was the date it was determined that federal subject matter jurisdiction under 28 U.S.C. § 1331 exists by virtue of 36 U.S.C. § 300105(a)(5).

11. In accordance with 28 U.S.C. §§ 1441(a) and 1446(b), this Notice of Removal is timely filed by the Removing Defendants, which received a copy of the Summons and Complaint on or about July 28, 2022 (purportedly served on Red Cross) and August 10, 2022 (purportedly served on Enmanuel Saldana).  *See* **Exhibits B and C**; *see* Fed. R. Civ. P. 6(a)(1)(C).

## JURISDICTION

12. Federal subject matter jurisdiction under 28 U.S.C. § 1331 and 1441 (a) and (b) exists over AMERICAN RED CROSS by virtue of 36 U.S.C. § 300105(a)(5), a provision of its federal charter granting it the power to "sue and be sued in courts of law and equity, State or Federal, within the jurisdiction of the United States."

13. The United States Supreme Court has construed the "sue-and-be-sued" provision of the AMERICAN RED CROSS' charter as conferring "original jurisdiction on federal courts over all cases to which the Red Cross is a party, with the consequence that the organization is thereby authorized to remove from state to federal court any state-law action it is defending." *American National Red Cross v. S.G.,* 505 U.S. 247, 248 (1992).

## PARTIES

14. Defendants are informed and believe that Plaintiff TOSHIA BRADLEY is now, and was at the time of the filing of the Summons and Complaint in this action, and at all intervening times, a resident of the State of Kings.  *See,* **Exhibit A**, at ¶ 1.

15. Defendant AMERICAN RED CROSS is now, and was at the time of the filing of the Summons and Complaint in this action, and at all intervening times, a corporation organized

by act of the United States Congress in the District of Columbia, with its principal place of business in the District of Columbia.

16. Defendant AMERICAN RED CROSS desires to remove this action from the Supreme Court of the State of New York, County of Kings, to the U.S. District Court for the Eastern District of New York and therefore submits this Notice of Removal, along with the exhibits attached hereto, in accordance with 28 U.S.C. §§ 1441(a) and 1446(a)-(b).

17. Upon information and belief co-defendant JL PILAHUISINAL has been served with the Summons and Complaint in the New York State action but has not yet answered. Upon information and belief co-defendant DAVID LLUCAILLA has not yet been service.

18. I have received consent to remove the case from the co-defendant that has been served but has not yet appeared - JL PILAHUISINAL. Specifically, Pilahuisinal's insurance carrier, Allstate, retained counsel to appear for him and provided me with written consent to remove the case (annexed hereto as **Exhibit "F"**) so there is compliance with the Rule of Unanimity. Bank of Am. v. Angona, No. 14-CV-1643 (JG), 2014 U.S. Dist. LEXIS 54163, 2014 WL 1515559, at *3 (E.D.N.Y. 2014).

19. By filing this Notice of Removal, Defendants AMERICAN RED CROSS and ENMANUEL SALDANA do not waive any defense that may be available.

20. A copy of this Notice of Removal will be given to Plaintiff TOSHIA BRADLEY, through his counsel, Auciello Law Group, P.C., promptly after its filing, as is required.

21. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of Kings, promptly after its filing, as is required, pursuant to 28 U.S.C. § 1446 (d).

WHEREFORE, Defendants, AMERICAN RED CROSS AND ENMANUEL SALDANA, pray that this action proceed in this Court as an action properly removed.

Dated:    White Plains, New York
            August 29, 2022

                        Truly Yours,

                        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
Lindsay J. Kalick
Attorneys for Defendants
AMERICAN RED CROSS and
ENMANUEL SALDANA
1133 Westchester Avenue
White Plains, NY 10604
(914) 872-7696
Lindsay.kalick@wilsonelser.com
File No. 19178.00030

TO:    AUCIELLO LAW GROUP, P.C.
        Attorneys for Plaintiff
        TOSHIA BRADLEY
        26 Court Street, Suite 2606
        Brooklyn, New York 11242
        (718) 797-3950

        JL PILAHUISINAL
        1124 Willoughby Ave., Apt. 3R
        Brooklyn, New York 11237

        DAVID LLUCAILLA
        12 Ditmars Street
        Brooklyn, New York 11221

        Courtesy Copy: gjacobson@agfjlaw.com (will be appearing for co-defendants but has not formally appeared yet)

274774066v.1